Filed 9/8/14  P. v. Valle CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F067347 |
| Plaintiff and Respondent, | (Super. Ct. No. 11CM8990) |
| v. | |
| JOSE LUIS VALLE, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  Donna Tarter, Judge.

Susan K. Shaler, under appointment by the Court of Appeal, Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Kari Ricci Mueller, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Cornell, J. and Gomes, J.

Defendant José Luis Valle pled guilty to first degree murder (Pen. Code, §§ 187, subd. (a), 189) and admitted various allegations in exchange for a 50-year-to-life sentence.  On appeal, he contends the trial court erred by failing to hold a *Marsden*[1] hearing after he expressed dissatisfaction with his appointed defense counsel at the sentencing hearing.  We conclude defendant never clearly indicated that he wanted substitute counsel.  Accordingly, we affirm.

## BACKGROUND

At the sentencing hearing on March 22, 2013, the following occurred:

"[THE COURT:]  [Defense counsel], how would you like to proceed?

"[DEFENSE COUNSEL]:  Your Honor, I know the family of the victim is here and this is the second time they have appeared.  My client has informed me that on the date the plea was taken that he was under the influence of alcohol to the point he really was not capable of making a proper decision, and that's where we are.

"THE COURT:  All right.  [Defendant], you're requesting—well, first of all, [defendant], what exactly are you requesting?

"THE DEFENDANT:  To withdraw my plea and for me to go to trial.

"THE COURT:  And based on what, [defendant]?

"THE DEFENDANT:  I feel my—my judgment was hindered due to me drinking.

"THE COURT:  Okay.

"THE DEFENDANT:  And I didn't have adequate time to make my decision.  I believe—I believe if I would have been given at least a couple days or a week and come back to take the plea I would be giving you the same answer as I am giving you now which is a no.  I have denied previous offers from the D.A. time and time again because I want to go to trial, that's something I want to do.  And I haven't tooken any other pleas.  I feel I— you know, that's just the way I feel that I wouldn't have gave you that

---

[1]     *People v. Marsden* (1970) 2 Cal.3d 118.

2

decision—I wouldn't have gave you that answer if I weren't under the influence that day. [*Sic.*]

"THE COURT: All right. Anything further, [defendant]? Anything further, [defendant]?

"THE DEFENDANT: No, ma'am.

"THE COURT: All right. The Court has had an opportunity to review the entry of plea by [defendant], also the Court remembers [defendant's] entering that plea. This was the day of trial. And it's the Court's impression of the conduct of [defendant] during that hearing, also the responses that he was giving to the questions, that he was not under the influence of alcohol. He was clear. He was not slurring his words. He indicated—he gave appropriate responses to the Court. The Court is going to deny his request to withdraw his plea.

"[Defendant], or excuse me, [defense counsel], are you prepared to proceed to sentencing this morning?

"[DEFENSE COUNSEL]: Yes, your Honor."

At this point, family members of the victim gave victim impact statements. Defendant spoke out after the final statement, but the court informed him he was not permitted to speak then and he would have an opportunity to speak later. The prosecutor then argued for the court's imposition of the stipulated sentence of 50 years to life.

After a short recess, the following occurred:

"THE COURT: Is the matter submitted?

"[DEFENSE COUNSEL]: It is, your Honor. You did tell [defendant] you were going to give him an opportunity to say something.

"THE COURT: Yes, [defendant], if you would like to address the Court you may do so. [Defendant], did you want to—oh, you do, okay, go ahead.

"THE DEFENDANT: I don't know if there is any point to it now. This has to do with some of the reasons why I wanted to take my plea back.

"THE COURT: [Defendant], you do have a right to make a statement at the sentencing hearing, so if you would like to do that, go ahead.

3

"THE DEFENDANT: Good morning, my name is Jose Luis Valle, Jr., I am currently held in custody for Case 11CM8990. On January 14th, 2013, I took a plea for 50 years to life in prison and now I am here to notify you today, the Supreme [*sic*] Court, that I wish to withdraw my plea, my verbal plea agreement.

"I will now proceed with my reasons and motives why I seek a withdrawal. The main reason I wish to withdraw my plea is due to the fact that I was under the influence of alcohol at the time. I was also not coherent and thinking very clearly. I felt very nervous and jittery at the time knowing I was to begin trial and its processes.

"I had consumed about two jars of pruno the night before, on the given date of January 13, 2013.[2] I also had consumed two jars of pruno the very morning of my trial in order to kind of get me through the emotions I was feeling at the time—

"THE COURT: [Defendant], I'm going to interrupt you. The Court's already ruled on your motion to withdraw your plea and the circumstances that you are relying on that. The Court made a finding based on the transcript and the Court's actually remembering your demeanor when you entered that plea that you were not under the influence. So the Court's already made that finding. So you can address the sentencing if you would like. So why—if you would like to do that, go ahead.

"THE DEFENDANT: I have evidence to support the fact that I was—pruno was found in my cell that very—the very day before, and I had asked my lawyer to subpoena certain officers in order to support me and the facts, but I don't know what happened, if he did or didn't do so. I haven't had contact with my lawyer for the longest time. I feel he dropped the ball on my case long ago, and I was pressured [into] taking the deal. You know, I wasn't—I wasn't—I wasn't—you asked me if I was threatened, I said no, I wasn't, but I felt very pressured, you know, to take this deal.

"THE COURT: [Defendant], again, we've already gone over your motion to withdraw your plea. I asked you during that motion whether you had anything else to say. I gave you an opportunity to do that. You presented it, I ruled. If you would like to comment on the sentencing, you may go ahead and do that. This is your opportunity, I'm not going to limit you in that regard.

---

**2**  Pruno is an illicit alcoholic beverage made in prison.

4

"THE DEFENDANT: Thank you, your Honor. I have nothing further to say."

## DISCUSSION

Based on this record, defendant contends the trial court erred in failing to conduct a *Marsden* hearing. He concedes that he did not expressly request substitute counsel, but he argues there was some clear indication that he wanted substitute counsel because he explained to the court that counsel had not been in contact with him, had "dropped the ball on [his] case," and possibly had not subpoenaed the witnesses he requested. Further, he points out that the court observed defense counsel sit silently, failing to provide assistance, while defendant personally argued his motion to withdraw the plea.

In *People v. Sanchez* (2011) 53 Cal.4th 80 (*Sanchez*), the Supreme Court held that "a trial court is obligated to conduct a *Marsden* hearing on whether to discharge counsel for all purposes and appoint new counsel when a criminal defendant indicates after conviction a desire to withdraw his plea on the ground that his current counsel provided ineffective assistance only when there is 'at least some *clear indication* by defendant,' either personally or through his current counsel, that defendant 'wants a substitute attorney.'" (*Id.* at pp. 89-90, italics added.) In so holding, *Sanchez* disapproved cases in which appellate courts had "incorrectly implied that a *Marsden* motion can be triggered with something less than a clear indication by a defendant, either personally or through current counsel, that the defendant 'wants a substitute attorney.'" (*Sanchez,* at p. 90, fn. 3.) In these disapproved cases, the courts had concluded that a defendant's expressed desire to make a new trial motion or a motion to withdraw a plea on the basis of ineffective assistance of counsel, without more, should be treated as triggering the duty to hold a *Marsden* hearing. (E.g., *People v. Mejía* (2008) 159 Cal.App.4th 1081, 1086 [although defendant made no request for substitute counsel, he made a *Marsden* motion because he instructed his counsel to move for a new trial largely on the basis of his counsel's performance at trial, and his counsel so informed the trial court].)

5

Thus, under current law, no "'proper and formal legal [*Marsden*] motion'" is required, but the defendant "must express 'at least some clear indication … that he wants a substitution of attorney.'" (*People v. Lee* (2002) 95 Cal.App.4th 772, 780, fn. omitted; *Sanchez, supra,* 53 Cal.4th at pp. 89-90.) A trial court "is not obliged to initiate a *Marsden* inquiry sua sponte. [Citation.] The court's duty to conduct the inquiry arises 'only when the defendant asserts directly or by implication that his counsel's performance has been so inadequate as to deny him his constitutional right to effective counsel.'" (*People v. Lara* (2001) 86 Cal.App.4th 139, 150-151.) "The mere fact that there appears to be a difference of opinion between a defendant and his attorney over trial tactics does not place a court under a duty to hold a *Marsden* hearing." (*People v. Lucky* (1988) 45 Cal.3d 259, 281.) Moreover, "mere grumbling" about counsel's failures is insufficient. (*People v. Lee,* at p. 780.) But if a defendant makes an unequivocal indication that he wants a new attorney, a trial court must hear the reasons for the defendant's belief that his attorney has not afforded adequate representation. (*Marsden, supra,* 2 Cal.3d at pp. 123-124.)

In this case, when the trial court asked defendant exactly what he was requesting, he replied that he wanted to withdraw his plea. He did not then, or ever, mention wanting a new attorney. Defendant's argument that his "disgruntlement with counsel" constituted a claim of ineffective assistance under *Sanchez* and required a *Marsden* hearing is *not* supported by *Sanchez* and is not in accord with the current state of the law.

## DISPOSITION

The judgment is affirmed.

6